UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:19-cr-29 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| MARK DANIEL ALLEN ) | |
| ) | Magistrate Judge Christopher H. Steger |

**MEMORANDUM**

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A. (Doc. 124). Defendant supplemented his motion (Doc. 131), and the United States ("the Government") responded in opposition (Doc. 135). On September 9, 2024, Defendant contemporaneously filed a motion for an extension of time to file a reply (Doc. 139) and a reply (Doc. 140). The Court will **GRANT** Defendant's motion to extend (Doc. 139) to the extent the Court will consider Defendant's reply (Doc. 140). For the reasons stated below, Defendant's Motion for Sentence Reduction (Doc. 124) will be **GRANTED**.

**I.     BACKGROUND**

On November 26, 2019, an Indictment charged Defendant with six counts of unlawfully distributing and dispensing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1). (Doc. 1 at 3–7.) The indictment did not charge Defendant with, or seek a statutory sentencing enhancement under 21 U.S.C. § 841(b)(1)(C), for causing death or serious bodily injury. (*See* Doc. 1.) On September 1, 2021, a jury found Defendant guilty of all counts. (Doc. 61.) The jury did not make a finding about whether Defendant's offenses of conviction caused death or overdose. (*See* Doc. 65.)

1

Defendant operated a medical clinic as a nurse practitioner. (Doc. 68 ¶ 13.) As relevant here, from 2015 to 2018, Defendant prescribed Oxycodone to patients without having a legitimate medical purpose. (*Id*. ¶¶ 16–30; Doc. 6 at 3.) One patient, Jerry Carlton, "received numerous Oxycodone pills from prescriptions written by [Defendant]." (Doc. 68 ¶ 26.) On April 6, 2015, Defendant wrote Mr. Carlton's next-to-last prescription. (*Id*.) On May 15, 2015, Defendant's temporary fill-in, Rachael Gaspard, wrote Mr. Carlton his "usual prescription" on Defendant's behalf. (*Id*.) Three days later, Mr. Carlton was found unconscious after experiencing a drug overdose, and despite being transported for medical care, passed away the following day. (*Id*.) The prescription that Ms. Gaspard wrote for Mr. Carlton was not included in the drug-weight calculation the Court relied upon for sentencing. (*Id*.) A review of Mr. Carlton's medical records revealed that Defendant fraudulently prescribed him Hydrocodone, Oxycodone, and Oxycontin, and failed to "advise Mr. Carlton of the increased risks of accidental overdose and death associated with the three narcotics he prescribed." (Id. ¶¶ 26–27.)

The Presentence Investigation Report ("PSR") indicated Defendant had no prior criminal history. (Id. ¶¶ 49–52.) The PSR determined Defendant's base offense level was 30 and recommended a two-level enhancement for maintaining a drug-involved premise, and an additional two-level increase for abuse of a position of trust. (*Id*. ¶¶ 40, 42.) It also recommended a two-level increase for obstruction of justice. (*Id*. ¶ 43.) The PSR did not recommend an enhancement under U.S.S.G. § 2D1.1(a)(2), which applies in certain drug-related offenses when "the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." (*See* Doc. 68.) Defendant had zero criminal history points, for a criminal history category of I. (*Id*. ¶¶ 51–52.) At sentencing, the Court adopted the PSR after removing the two-level enhancement for obstruction of justice. (Doc. 90 at 1.) The resulting

2

total offense level was 34, and the guideline range was 151 to 181 months.  (*Id*.)

At trial, the Government and Defendant stipulated to the fact that "After [Mr. Carlton's] death, the levels of narcotics in his system were not high enough to conclusively rule the death an overdose."  (Doc. 129 at 6.)  At sentencing, the Court stated:

> "We heard about, at the trial, Jerry Carlton, who died.  Again, was prescribed a lot of pills without a proper assessment or medical reason.  This—these amounts of drugs are—are consistent with his death. We can argue about what exactly caused his death, but this certainly didn't help, and helped him at least get to where -- where he finally got to in life.

(Doc. 128 at 32.)  The Court sentenced Defendant to 168 months in prison.  (Doc. 89 at 3.)

Defendant's projected release date is August 1, 2032.  *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited February 19, 2025).  To Defendant's credit, while incarcerated, he has "participated in programming" and has not incurred any disciplinary infractions.  (Doc. 135 at 10; *See* Doc. 131 at 17–19.)

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d) and eliminated them otherwise.  *See* U.S.S.G. §§ 4A1.1(e), 4C1.1.  It also created a new guideline, U.S.S.G. § 4C1.1, which instructs courts to apply a two-level downward adjustment to the offense level of a defendant who received zero status points and meets a list of enumerated criteria.  This amendment applies retroactively.  U.S.S.G. § 1B1.10(d).  The present motion followed.

## II.  LEGAL STANDARD

### A.  Modification of Sentence

A district court has "no inherent authority … to modify an otherwise valid sentence."  *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).  "A district court may modify a defendant's sentence only as provided by statute."  *United States v. Johnson*, 564 F.3d 419, 421

3

(6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554

(6th Cir. 2010) (citing *Johnson*, 564 F.3d at 421). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

When considering a motion for modification, "[t]he modification court's examination of the record will include the trial transcript, the sentencing hearing transcript, and the portions of the presentence report that the defendant admitted to or the sentencing court adopted." *United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012) (citing *United States v. Blackmon*, 380 F. App'x 498, 501 (6th Cir. 2010)).

### B. Amendment 821

Part B of Amendment 821 created a new guideline, U.S.S.G. § 4C1.1, which instructs courts to apply a two-level downward adjustment to the offense level of a defendant who meets a list of enumerated criteria. One such criteria is "the offense did not result in death or serious bodily injury." § 4C1.1(a)(4). The Sentencing Commission designated adjustments under § 4C1.1 as retroactively applicable. U.S.S.G. § 1B1.10(d).

## III. ANALYSIS

The parties disagree about whether Defendant's offenses resulted in Mr. Carlton's death under U.S.S.G. § 4C1.1(a)(4). The Government argues that because neither the jury nor the Court previously determined whether Defendant caused Mr. Carlton's death, the Court may now look to the entire record to make a factual finding on this issue. (Doc. 135 at 12.) It asserts that Defendant fails to meet his burden, as the movant, to prove by a preponderance of the evidence that his offense did not cause Mr. Carlton's death. (*Id*. at 11–13.) Further, the Government argues that even if Defendant is eligible for a sentence reduction under Amendment 821, the Court should deny it based on the seriousness of Defendant's offenses. (*Id*. at 14.) Defendant

5

argues that Defendant can only be disqualified from relief under § 4C1.1(a)(4) if his offense was a but-for cause of Mr. Carlton's death, and the evidence is insufficient to support that finding. (Doc. 131 at 6–7.)

In *Burrage v. United States*, 571 U.S. 204 (2014), the Supreme Court considered the applicability of the statutory sentencing enhancement under 21 U.S.C. § 841(b)(1)(C), which applies when "death of serious bodily injury results from the use of [the distributed] substance." *Id*. at 209 (quoting 21 U.S.C. § 841(b)(1)(C)). It held that the phrase "results from" requires proof of actual causality, meaning the defendant's conduct is the but-for cause of the resulting harm. *Id*. at 211.

Section 4C1.1(a)(4) uses similar "results from" language, requiring that "the offense did not result in death or serious bodily injury." In *United States v. Bailey*, No. 1:17CR00029, 2024 WL 3410454 (W.D. Va. July 15, 2024), the district court addressed the applicability of Amendment 821 to a defendant who had illegally prescribed drugs to patients who later overdosed. *Id*. at *1–2. There, unlike here, the Government sought an upward variance "based in part on fatal overdoses suffered by patients caused at least in part by the prescribed medications." *Id*. at *2 (internal quotations and citation omitted). At sentencing, the court found "that the defendant 'caused people real harm' within the context of fatal and non-fatal overdoses," but did not explicitly find "the defendant's conduct was the but-for causes of various overdoses." *Id*. at *3. Relying on the Supreme Court's interpretation of "result in" to mean "the but-for cause of death or harm, not merely proximate cause," the court concluded that the government failed to identify evidence that the defendant's conduct was the but-for cause of the overdoses. *Id*. (quoting *Burrage*, 571 U.S. at 210–13). The court held that its finding that defendant had contributed to the patients' deaths was insufficient to preclude the application of

6

Amendment 821. Accordingly, the district court exercised its discretion to grant the defendant's motion for sentence reduction. *Id.*

Here, the Court considers the entire record, including the indictment, trial and sentencing transcripts, and PSR, in deciding whether there is sufficient evidence that Defendant caused Mr. Carlton's death. *See Valentine*, 694 F.3d at 670. Defendant did not admit to causing Mr. Carlton's overdose or death. The Government did not charge him with, or seek a statutory sentencing enhancement under 21 U.S.C. § 841(b)(1)(C) for causing death or serious bodily injury. (*See* Doc. 1.) The PSR did not recommend an enhancement under U.S.S.G. § 2D1.1(a)(2) for death or serious bodily injury resulting from the use of the substance. (*See* Doc. 68.) The jury did not make a factual finding about whether Defendant's offenses caused Mr. Carlton's death or overdose. (*See* Doc. 65.) At sentencing, the Court indicated that, while Defendant certainly contributed to the death, whether he caused it was arguable. (*See* Doc. 128 at 32.) The Court finds that there is insufficient evidence to conclude that Defendant was the but-for cause of Mr. Carlton's death, and exercises its discretion to grant the sentence reduction under Amendment 821.

The Court finds Defendant satisfies all criteria under U.S.S.G. § 4C1.1, and is eligible for sentence reduction under Amendment 821.

IV. **CONCLUSION**

For the reasons stated herein, Defendant's Motion for Sentence Reduction (Doc. 124) will be **GRANTED**. Defendant's sentence will be reduced to a term of 138 months.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

7